```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BENJAMIN SCHADER,

                    Plaintiff,                              MEMORANDUM AND ORDER
                                                            18-CV-01786
      - against -


GRACIELA MANTICOF and OMAR
MANTICOF,

                    Defendants.
-----------------------------------------------------------x
```
GLASSER, Senior United States District Judge:

On March 23, 2018, Plaintiff Benjamin Schader ("Plaintiff" or "Schader") brought this negligence action against Defendants Graciela Manticof ("Graciela") and Omar Manticof ("Omar"), (collectively, "Defendants"), alleging serious physical injuries resulting from a car accident. (ECF No. 1, "Compl."). Defendants have failed to appear or otherwise respond to the Complaint, and on June 14, 2018, the Clerk of the Court entered a certificate of default. (ECF No. 11). Pending before the Court is Schader's motion for a default judgment. (ECF No. 12). For the reasons explained below, Schader's motion is **GRANTED**.

## BACKGROUND

Schader alleges that on September 11, 2015 at approximately 11:19 a.m., he was a passenger in a vehicle on Woodhaven Boulevard when Omar, who was driving a vehicle owned by Graciela, rear-ended him. (Compl. ¶ 15). He alleges that Omar was operating the vehicle at an "excessive, unlawful and dangerous rate of speed," was "distracted with the radio," and "fail[ed] to have his eyes on the road." (*Id.*). He claims he suffered serious physical injuries including, but not limited to, a posterior horn medial meniscal tear, small joint effusion, posterior bulges, cervical, thoracic, and lumbosacral sprains or strains, and radiculapothy. (*Id.*). His Complaint alleges that

1

he suffered damages in excess of $100,000, (Compl. ¶ 27), but the Affidavit of Marc Wietzke in support of his motion for default judgment claims he is entitled to $200,000. (ECF No. 12-1 at ¶ 11).

## DISCUSSION

In deciding whether a default judgment should be entered following entry of a certificate of default, a court may accept as true all well-pleaded allegations in the unanswered complaint but must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A] district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action."). A fact is not "well-pleaded" if it is inconsistent with other allegations in the complaint or is "contrary to uncontroverted material in the file of the case." *Chuchuca v. Creative Customs Cabinets Inc.*, No. 13-CV-2506 (RLM), 2014 WL 6674583, at *5 (E.D.N.Y. Nov. 25, 2014). In addition, a pleading's legal conclusions are not assumed to be true. *Id.* Consequently, the factual allegations in the complaint must themselves be sufficient to establish a right to relief. *Id.*

To state a claim for negligence under New York law, Plaintiff must allege "(1) a legal duty owed by the defendant to protect the plaintiff against an unreasonable risk of harm; (2) a breach of that duty—or, to put it differently, a failure to conform to the standard of conduct prescribed by law for the protection of the plaintiff; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) damages suffered by the plaintiff as a result of the defendant's conduct." *Davis v. Port Auth. of New York & New Jersey*, 183 F. Supp. 3d 345, 347 (E.D.N.Y. 2016). Having reviewed the undisputed allegations in the Complaint and the default judgment

2

submissions, the Court finds there is a sufficient basis for establishing Defendants' liability for negligence. Accordingly, Schader's motion for default judgment is granted.

## CONCLUSION

For the reasons set forth above, Schader's motion for default judgment is **GRANTED** as to liability only. In accordance with Federal Rule of Civil Procedure 55(b)(2) and 28 U.S.C. § 636(b)(1)(A), the issue of damages is respectfully referred to Chief Magistrate Judge Mann to hear and determine.

SO ORDERED.

Dated: Brooklyn, New York
February 15, 2019

/s/
I. Leo Glasser                    U.S.D.J.